DEC 13 20..

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

IN RE: PROSPECTIVE JUROR,
DR. MARGARET I. MCINTYRE                Criminal Action No. 2:07mj838[1]


### ORDER OF CONTEMPT

On December 4, 2007, a hearing was conducted in the matter of prospective juror, Margaret I. McIntyre, M.D. ("Dr. McIntyre"), pursuant to the undersigned United States Magistrate Judge's Order to Show Cause ("Order to Show Cause"), dated November 20, 2007 (Document No. 1). The salient facts giving rise to the instant hearing are set forth in the Order to Show Cause and the transcript of a November 14, 2007, proceeding ("Transcript") (Document No. 4), incorporated by reference herein, in which the Court describes certain obstreperous behavior exhibited by Dr. McIntyre when she appeared as a potential juror in a civil matter scheduled to begin that morning.[2] Because of her behavior that morning, which was

---

[1] The Court notes that the instant matter was originally docketed as Civil Action No. 2:07mc17, but, for administrative reasons, this case is now assigned Criminal Action No. 2:07mj838.

[2] Dr. McIntyre had received a summons to appear on the morning of November 14, 2007 as a prospective juror in a civil case, Patricia Isaacson v. Wal-Mart Stores East, LP, Civil Action No. 4:07cv39, which was tried by the undersigned United States Magistrate Judge, with the consent of the parties, on November 14-15, 2007. Prior to reporting for jury service, Dr. McIntyre had submitted three (3) written requests (collectively, "the written requests") and made several telephonic requests to be released from jury service; those requests were denied by the Honorable Rebecca Beach Smith on or about October 24, 2007. The Clerk is DIRECTED to

found to be contemptuous in the presence of the undersigned United States Magistrate Judge, Dr. McIntyre was directed to appear on December 4, 2007, to show cause why she should not be held in contempt of Court under the authority granted by 28 U.S.C. §§ 636(e)(2) & (5). Appearing at the hearing for Dr. McIntyre was E. Leslie Cox, Esq. The Official Court Reporter was Penny C. Wile.

## I. MAGISTRATE JUDGE'S SUMMARY CRIMINAL CONTEMPT AUTHORITY

The contempt powers of a United States magistrate judge are set forth in Section 636(e) of Title 28, United States Code, as amended by the Federal Courts Improvement Act of 2000, and include summary criminal contempt authority in any case before the magistrate judge, as well as criminal and civil contempt authority in certain civil consent and misdemeanor cases. Specifically, a magistrate judge's criminal contempt authority includes:

---

file the written requests as exhibits in the instant matter.
     The written requests, which were brought to the undersigned Magistrate Judge's attention on the morning of November 14, 2007, were intentionally inflammatory and reflected Dr. McIntyre's dissatisfaction with her selection as a potential juror and her total disdain for the jury-selection process. Though Dr. McIntyre appeared on the morning of trial in accordance with her jury summons, she voiced numerous objections to serving as a juror; her behavior that morning was the predicate for the instant show-cause proceeding.

2

the power to punish summarily[3] by fine or
imprisonment, or both, such contempt of the
authority of such magistrate judge
constituting misbehavior of any person <u>in the
magistrate judge's presence</u> so as to <u>obstruct
the administration of justice</u>.  The order of
contempt shall be issued under the Federal
Rules of Criminal Procedure.

28 U.S.C. § 636(e)(2) (emphasis added).  Thus, in any case before

a magistrate judge, that judge is authorized to punish by fine or

imprisonment any contempt constituting misbehavior that is deemed

to obstruct the administration of justice <u>and</u> that occurs in that

---

[3]The Court notes that the term "summarily" does not refer to
the timing of a court's response to the offending misbehavior;
rather, in a "summary" procedure, the court may "dispense[] with
the formality, delay and digression that would result from the
issuance of process, service of complaint and answer, holding
hearings, taking evidence, listening to arguments, awaiting briefs,
submission of findings, and all that goes with a conventional court
trial."  <u>Sacher v. United States</u>, 343 U.S. 1, 9 (1952).  Though
such procedures are typically used to inform a court as to events
not within its own knowledge, "[t]he Rule allows summary procedure
only as to offenses within the knowledge of the judge because they
occurred in his presence."  <u>Id.</u>
      In the instant case, the Court elected to exercise its summary
criminal contempt authority, based on the obstreperous conduct of
Dr. McIntyre in the presence of the undersigned United States
Magistrate Judge, which was found to be contemptuous.  <u>See</u> Order to
Show Cause, at 3.  Nevertheless, the Court elected to defer its
ruling on the criminal contempt charge, and, out of an abundance of
caution, provided Dr. McIntyre with notice containing a description
of the offending conduct, specifying the time and place of the
hearing, and giving ample opportunity to retain counsel to prepare
her defense.  Such notice was not required, 28 U.S.C. § 636(e)(2)
and Fed. R. Crim. P. 42(b), and the Court did not abdicate any of
its summary criminal contempt authority by not punishing Dr.
McIntyre contemporaneously with the offending conduct.  <u>Greene v.
Tucker</u>, 373 F. Supp. 892, 897 (E.D. Va. 1974) (rejecting the notion
that immediate sentencing for contempt was required) (citing
<u>Sacher</u>, 343 U.S. at 11 ("If we were to hold that summary punishment
can be imposed only instantly upon the event, it would be an
incentive to pronounce, while smarting under the irritation of the
contemptuous act, what should be a well-considered judgment.)).

judge's presence.[4]   "The contempt order must recite the facts, be signed by the judge, and filed with the clerk." Fed. R. Crim. P. 42(b).[5] Id.

"The sentence imposed by a magistrate judge for any criminal contempt [under 28 U.S.C. § 636(e)(2) & (3)] shall not exceed the penalties for a Class C misdemeanor as set forth in sections 3581(b)(8) and 3571(b)(6) of title 18."[6]   28 U.S.C. § 636(e)(5).

---

[4]The Court notes that the power to exercise contempt authority by a United States magistrate judge, presiding over any case by consent of the parties, pursuant to 28 U.S.C. § 636(c), or presiding in any misdemeanor case, pursuant to 18 U.S.C. § 3401, also includes the "power to punish, by fine or imprisonment, or both, criminal contempt constituting disobedience or resistance to the magistrate judge's lawful writ, process, order, rule, decree, or command," after a proceeding "conducted upon notice and hearing under the Federal Rules of Criminal Procedure."   28 U.S.C. § 636(e)(3) (emphasis added).   A magistrate judge's contempt authority also includes the power to "exercise the civil contempt authority of the district court" in any case in which he presides over by consent of the parties, pursuant to 28 U.S.C. § 636(c), or in any misdemeanor case, pursuant to 18 U.S.C. § 3401.   28 U.S.C. § 636(e)(4) (emphasis added).   Though the undersigned Magistrate Judge presided by consent of the parties over the case in which Dr. McIntyre was summonsed to appear as a juror, see supra note 2, the Court has elected to proceed in the instant matter under its summary criminal contempt authority, pursuant to 28 U.S.C. § 636(e)(2).

[5]The Court notes that any other criminal contempt, e.g., allegedly contemptuous behavior that occurs outside the presence of the magistrate judge, may only be prosecuted on notice. Fed. R. Crim. P. 42(a).

[6]The Court further notes an additional option for criminal contempt, in any case presided over by a United States magistrate judge, by consent of the parties, pursuant to 28 U.S.C. § 636(c), or in any misdemeanor case, pursuant to 18 U.S.C. § 3401, "that may, in the opinion of the [presiding] magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in [28 U.S.C. § 636(e)(5)]," by which the magistrate judge is required to certify the facts to a district judge and may

4

Considering the maximum penalties for a Class C misdemeanor, therefore, any person found guilty of such criminal contempt faces up to thirty (30) days imprisonment (18 U.S.C. § 3581(b)(8)), a $5,000.00 fine (18 U.S.C. § 3571(b)(6)), and a $5.00 special assessment (18 U.S.C. § 3013(a)(1)(A)(i)).

## II. THE CONTEMPTUOUS CONDUCT

The below facts support the instant finding of contempt and sentence:

A. Upon being summonsed to the courtroom on the morning of November 14, 2007, Dr. McIntyre immediately and frequently interrupted the Court's colloquy. She exhibited hostile behavior and refused to answer the Court's questions regarding the written requests to be released from jury duty as she repeatedly requested to be put in jail and she demanded a lawyer before she would answer the Court's questions.

B. As the Court was trying to determine the basis for her dissatisfaction with serving as a potential juror, Dr. McIntyre was rude and disrespectful and disruptive of the judicial proceedings that are intended to provide citizens with a forum in which to resolve their disputes.

C. Dr. McIntyre was verbally offensive to the United States

_____

then enter a show-cause order requiring the person committing such acts "to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified." 28 U.S.C. § 636(e)(6). The Court elected not to pursue this option.

Marshals and Court Security Officer who were assigned to maintain order and decorum – even pulling her arms away with a show of aggression as the Marshals attempted to escort her out of the proceeding.

D.   Dr. McIntyre refused to leave the courtroom despite the Court's repeated admonishment that the proceeding was concluded, that she had been excused from jury service for that day, and that she should leave.

All of the aforementioned incidents occurred in open court in the presence of the undersigned United States Magistrate Judge, on the morning of November 14, 2007, who personally saw and heard the contemptuous conduct.

### III. THE INSTANT HEARING

At the hearing, counsel for Dr. McIntyre proceeded by proffer and offered an Affidavit of Margaret I. McIntyre, M.D. ("McIntyre Affidavit"), dated December 4, 2007, which was received and considered by the Court and filed as an exhibit (Document No. 5). The Court accords little weight to the McIntyre Affidavit, however well-intentioned, as its contents are largely self-serving and not in accordance with the extreme and disruptive behavior exhibited by Dr. McIntyre, in the presence of the undersigned Magistrate Judge, on the date in question, November 14, 2007.[7]  Counsel also offered

---

[7]The Court notes that the instant finding of contempt is predicated solely on the obstreperous "misbehavior of [Dr. McIntyre] in the [undersigned] [M]agistrate [J]udge's presence so as to obstruct the administration of justice," as the Court was

6

a letter from Dr. McIntyre's personal physician, Ana H. Vazquez, M.D. ("Vazquez Letter"), dated December 3, 2007, which was received and considered by the Court, in-camera, and which the Clerk is DIRECTED to file under seal in accordance with the applicable Local Rules for the United States District Court for the Eastern District of Virginia.[8]   The Court accords minimal weight to the Vazquez Letter, which was unsworn and not supported by live testimony, and considers it relevant only to the extent it describes a series of personal hardships and medical issues that may have contributed to Dr. McIntyre's mental state on the morning of November 14, 2007. The Court also considered the testimony of two (2) character witnesses called on behalf of Dr. McIntyre: Marietta Irwin (Dr. McIntyre's mother), and Robert G. Fullwood (U.S. Air Force, Retired, a family friend).   While the Court appreciates the attendance of these witnesses at such a difficult proceeding, neither witness could offer any relevant or specific explanation to

---

attempting to seat a jury panel for the aforementioned civil trial. 28 U.S.C. § 636(e)(2).   That "misbehavior," as described in the Order to Show Cause and as reflected in the Transcript, obstructed this Court's ability to efficiently accommodate and seat a jury panel for a multi-day jury trial.   In particular, the Court was delayed in starting the trial due to the time expended attempting to deal with Dr. McIntyre.  Such misbehavior also comports with the overall hostile demeanor and aggressive attitude projected by Dr. McIntyre to Court personnel prior to, during and following the November 14, 2007 proceeding, and it is squarely at odds with the facts as alleged in the McIntyre Affidavit.

[8]The Court finds that, pursuant to Local Criminal Rule 49(I), it is necessary to file the Vazquez Letter under seal to afford Dr. McIntyre confidentiality with regard to personal medical information.

reconcile the obstreperous behavior of Dr. McIntyre on November 14, 2007.[9]

## IV. ORDER OF CONTEMPT

Upon consideration of the proffers of counsel, the McIntyre Affidavit, the Vazquez Letter, the testimony of the character witnesses, and the transcript of the November 14, 2007, proceeding, and for the reasons expressed in the record, the Court FINDS Dr. McIntyre GUILTY of criminal contempt in the presence of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. §§ 636(e)(2) & (5). Accordingly, she is ORDERED to pay a fine of TWO-HUNDRED FIFTY DOLLARS ($250.00) and a special assessment of FIVE DOLLARS ($5.00).

The Clerk is DIRECTED to mail a copy of this Order to Dr. McIntyre at her address on record, Margaret I. McIntyre, M.D., 332 Bay Colony Drive, Virginia Beach, Virginia 23451.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

December 13 , 2007

---

[9]The Court notes Dr. McIntyre's assertion that she attempted to assert her right under 28 U.S.C. § 1865 to be released from jury service due to a medical hardship. It is true that Dr. McIntyre, at the outset of the November 14, 2007 proceeding, stated to the Court, "I just want to go home. I don't feel well." Transcript, at 2. Nevertheless, the Court squarely rejects any notion that Dr. McIntyre, a practicing physician, was truly requesting that she be excused from jury service on the morning of November 14, 2007 because of any physical infirmity.

8